UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVE VIC PARKER, | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2160 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Petitioner Steve Vic Parker's Petition for Writ of Habeas Corpus and Respondent Lorie Davis' Motion for Summary Judgment. Having carefully considered the Petition, the Motion, Parker's response to the motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Respondent's motion should be GRANTED, and Parker's Petition for Writ of Habeas Corpus should be DENIED.

I. Background

The relevant facts are not in dispute. Parker was convicted in 1991 of unauthorized use of a motor vehicle and was sentenced to 20 years imprisonment. He was free on mandatory supervision from that sentence when he was arrested for theft. On October 13, 2010, he was convicted of theft and sentenced to seven years imprisonment. The seven year term for theft was imposed to run consecutively to the 20 year sentence imposed in 1991. *See* SH-23 (Doc. # 21-59) at 72.

Parker was denied parole on the theft charge. He contends that this denial occurred without a hearing or notice in violation of his right to due process of law.

Parker also contends that the Texas Department of Criminal Justice has improperly calculated his good time credit. He contends that this, too, constitutes a violation of due process.

II.  The Summary Judgment Standard

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000). In ordinary civil cases a district court considering a motion for summary judgment is required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Where, however, a state prisoner's factual allegations have been resolved against him by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness established by 28 U.S.C. § 2254(e)(1) should not apply, it is inappropriate for the facts of a case to be resolved in the petitioner's favor. *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). In reviewing factual determinations of the Texas state courts, this court is bound by such findings unless an exception to 28 U.S.C. § 2254 is shown.

III.  Analysis

Parker's petition raises two claim for relief. He contends that he was denied parole without due process of law, and that TDCJ improperly calculated his good time credit.

Parker raised his parole claim in a state habeas corpus application. The Texas Court of Criminal Appeals ("TCCA") dismissed the application as successive under TEX. CODE CRIM. PROC. Art. 11.07 § 4 . *See* SH-27 (Doc. # 21-73).

The procedural default doctrine may bar federal review of a claim. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and

adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). The Supreme Court has noted that

> [i]n all cases in which a state prisoner had defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750-51), *cert. denied*, 523 U.S. 1125 (1998); *see also Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (finding the cause and prejudice standard to be "grounded in concerns of comity and federalism").

To be "adequate" to support the judgment, the state law ground must be both "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 424 (1991). If the state law ground is not firmly established and regularly followed, there is no bar to federal review and a federal habeas court may go to the merits of the claim. *Barr v. Columbia*, 378 U.S. 146, 149 (1964). An important consideration in determining whether an "adequate" state law ground exists is the application of the state law ground to identical or similar claims. *Amos v. Scott*, 61 F.3d 333, 340-41 (5th Cir. 1995). The adequacy of a state law ground to preclude federal court review of federal constitutional claims is a federal question. *Howlett v. Rose*, 496 U.S. 356, 366 (1990).

> [W]hen . . . a state court decision fairly appears to rest primarily on federal law, or to be interwoven with federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, we will accept as the most reasonable explanation that the state court decided the case the way it did because it believed that federal law required it to do so.

*Michigan v. Long*, 463 U.S. 1032, 1040–41 (1983); *see also Coleman v. Thompson*, 501 U.S. 722 (1991) (applying the presumption in the context of habeas). The Fifth Circuit has held that art. 11.07 § 4 is an adequate and independent state ground. *See Fearance v. Scott*, 56 F.3d 633, 642 *5th Cir. 1995). Therefore, this claim is procedurally barred from federal habeas review unless Parker can show cause and prejudice.

"Cause" for a procedural default, in this context, requires a showing that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 488 (1986). Parker makes no such showing. Therefore, this claim is procedurally defaulted.

Parker also raised his good time credit calculation claim in the same state habeas corpus application that the TCCA dismissed as successive. *See* Doc. # 21-74 at 14. He now argues in conclusory fashion that he could not raise this claim any earlier than he did – an argument implicitly rejected by the TCCA – but he cites no authority supporting his argument that the TCCA was wrong on this matter of Texas state law. Therefore, for the same reasons discussed with regard to his parole claim, this claim is procedurally defaulted.

IV. Conclusion

For the foregoing reasons, Parker fails to raise a viable claim for habeas relief. His petition must be dismissed with prejudice for the reasons stated in this opinion.

V. <u>Certificate of Appealability</u>

Parker has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, "the determination of whether a COA should issue must be made by viewing the petitioner's arguments through the lens of the deferential scheme laid out in 28 U.S.C. § 2254(d)." *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), *cert. dismissed*, 531 U.S. 1134 (2001).

This Court has carefully considered Parker's claims. The Court finds that the claims are foreclosed by clear, binding precedent. This Court concludes that under such precedents, Parker has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Parker is not entitled to a certificate of appealability on his claim.

VI. Order

For the foregoing reasons, it is ORDERED as follows:

A. Respondent's motion for summary judgment (Doc. # 20) is GRANTED;

B. Petitioner Steve Vic Parker's Petition for Writ of Habeas Corpus (Doc. # 1) is in all respects DENIED; and

C. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 3rd day of July, 2019.

_____
Kenneth M. Hoyt
United States District Judge